IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| IN RE: TAASERA LICENSING LLC, PATENT LITIGATION | §<br>§<br>§  CIVIL ACTION NO. 2:22-MD-03042-JRG<br>§<br>§ |
| THIS DOCUMENT RELATES TO CIVIL ACTION NO. 2:22-CV-00468-JRG | |

## <u>MEMORADUM OPINION AND ORDER</u>

Before the Court is the Motion to Dismiss Complaint for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion") (Case No. 2:22-md-3042, Dkt. No. 89; Case No. 2:22-cv-468, Dkt. No. 26) filed by Defendants CrowdStrike, Inc. and CrowdStrike Holdings, Inc. (collectively, "CrowdStrike"). On February 21, 2023, the Court held a hearing in the above-captioned case regarding the Motion, along with several other consolidated cases and related motions. (Case No. 2:22-cv-468, Dkt. No. 43). Having considered the Motion, the subsequent briefing, the oral arguments, and for the reasons set forth herein, the Court finds that the Motion should be **DENIED**.

### I. BACKGROUND

On October 21, 2022, Taasera Licensing LLC ("Taasera") filed suit against CrowdStrike asserting infringement of U.S. Patent Nos. 7,673,137 (the "'137 Patent"); 8,327,441 (the "'441 Patent"); 8,850,517 (the "'517 Patent"); 8,955,038 (the "'038 Patent"); 8,990,948 (the "'948 Patent"); 9,092,616 (the "'616 Patent"); 9,608,997 (the "'997 Patent"); and 9,923,918 (the "'918 Patent") (collectively, the "Asserted Patents"). (Dkt. No. 1 ¶¶ 13–21). Beginning on August 3, 2022, and for tag-along cases filed thereafter, the United States Judicial Panel on Multidistrict Litigation (the "Panel") centralized the above-captioned litigation in the EDTX and transferred the

following cases to the same (categorized by their original jurisdictions) for consolidated pretrial proceedings:

- Eastern District of Texas:

    o *Taasera Licensing LLC v. Trend Micro Incorporated*, Case No. 2:22-CV-00441-JRG

    o *Taasera Licensing LLC v. Check Point Software Technologies Ltd.*, Case No. 2:22-CV-00063-JRG

    o *Taasera Licensing LLC v. Fortinet Inc.*, Case No. 2:22-CV-00415-JRG

    o *Taasera Licensing LLC v. Musrubra US LLC d/b/a Trellix*, Case No. 2:22-CV-00427-JRG

    o *Taasera Licensing LLC v. Palo Alto Networks, Inc.*, Case No. 2:23-CV-00113-JRG

- Northern District of Texas:

    o *Trend Micro, Inc. v. Taasera Licensing LLC*, Case No. 2:22-CV-00303-JRG

- Western District of Texas:

    o *Taasera Licensing LLC v. CrowdStrike, Inc., CrowdStrike Holdings, Inc.*, Case No. 2:22-CV-00468-JRG

(Case No. 2:22-md-3042, Dkt. No. 1 at 1, 3; Case No. 2:22-cv-468, Dkt. No. 12). On January 6, 2023, CrowdStrike filed the instant Motion, requesting that the Court dismiss Taasera's (1) "direct infringement claims for the six identified method-claim patents, (2) indirect infringement claims for all Asserted Patents, and (3) claim for permanent injunctive relief. (Case No. 2:22-cv-468, Dkt. No. 26 at 7).

## II. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A Court can dismiss a complaint that fails to meet this standard. FED. R. CIV. P. 12(b)(6). "To survive

dismissal at the pleading stage, a complaint must state 'enough facts such that the claim to relief is plausible on its face.'" *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The Court accepts well-pleaded facts as true and views all facts in the light most favorable to the plaintiff, but the Court is not required to accept the plaintiff's legal conclusions as true.  *Id.*

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted.  *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).  In determining a motion to dismiss, "[t]he court may consider 'the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.'"  *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (quoting *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

In the context of patent infringement, a complaint must place the alleged infringer on notice of what activity is being accused of infringement.  *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017).  However, the plaintiff is not required to prove its case at the pleading stage.  *Id.*  Assessing the sufficiency of pleadings is a context specific task; simpler technologies may require less detailed pleadings whereas more complex technologies may demand more.  *Disk Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018).

### III. DISCUSSION

CrowdStrike argues that Taasera fails to state a claim for direct infringement, indirect infringement, and injunctive relief. (Dkt. No. 26 at 7). The Court considers each issue in turn.

#### A. **Choice of Law**

As an initial matter, CrowdStrike argues that this Court is bound by precedent from the Western District of Texas because cases transferred to transferee courts for pretrial proceedings under 28 U.S.C. § 1407 must apply the substantive law of the transferor court. (*Id.* at 16 (citing *In re Norplant Contraceptive Products Liab. Lit.*, 215 F. Supp. 2d 795, 804 (E.D. Tex. 2002)). CrowdStrike misapplies *In re Norplant* because the transferee court is required to apply the substantive law of the ***state*** from which it was transferred. *See, e.g.*, *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964) (holding that the transferee district court is "obligated to apply the state law that would have applied if there had been no change of venue"). In fact, "[f]ederal law (unlike state law) is supposed to be unitary." *Menowitz v. Brown*, 991 F.2d 36, 40 (2nd Cir. 1993) (citing 28 U.S.C. § 1407). Therefore, this Court will apply the legal precedent of the Fifth Circuit, the Federal Circuit, and the Eastern District of Texas. *Bradley v. United States*, 161 F.3d 777, 782 (4th Cir. 1998) ("[T]his court cannot and does not apply the law of another circuit simply because the case was transferred from the other circuit."); *Menowitz*, 991 F.3d at 40 ("[A] transferee federal court should apply its interpretations of federal law, not the constructions of federal law of the transferor circuit."); *In re Korean Air Lines Disaster of Sept. 1, 1983*, 829 F.2d 1171, 1175–76 (D.C. Cir. 1987) (holding that transferee court should decide federal claims based on its own view of law without deference to law of transferor circuit).

4

## B. Direct Infringement

CrowdStrike argues that Taasera fails to plausibly allege direct infringement for six of the Asserted Patents since Taasera fails to identify that either CrowdStrike defendant actually performs each and every element of the claimed methods. (Dkt. No. 26 at 9–10). CrowdStrike contends, for example, that Taasera alleges that the accused products "practice a method for implementing security for a computing device . . . ." (*Id.* at 10 (citing Dkt. No. 1 ¶ 38)). CrowdStrike further contends that Taasera improperly ties such allegations solely to the accused products, arguing that said accused products cannot practice a method by themselves. (*Id.* at 11 (citing *Packet Intelligence LLC v. NetScout Sys., Inc.*, 965 F.3d 1299, 1314–15 (Fed. Cir. 2020)). It therefore argues that to properly allege direct infringement of the asserted method claims, Taasera would have to identify a person or entity that performed each step of the asserted methods. (*Id.*). CrowdStrike states that if Taasera's direct infringement theory relies on a combination of multiple entities performing different steps of the claimed methods, Taasera must plausibly allege divided infringement. (*Id.*).

CrowdStrike also argues Taasera wrongly conflates the CrowdStrike entities as direct infringers of the Asserted Patents, arguing that Taasera should be required to identify which CrowdStrike entity performs the steps of the asserted method claims. (*Id.* at 12, 13). In CrowdStrike's view, "[c]ourts have dismissed complaints that improperly conflate defendants' actions." (*Id.* at 12–13 (collecting cases)). Although Taasera may argue that CrowdStrike directly infringes based on use or testing the identified accused products, CrowdStrike asserts, such allegations are mere boilerplate recitations. (*Id.* at 13).

Taasera responds that its Complaint defines "CrowdStrike" to include both CrowdStrike, Inc. and CrowdStrike Holdings, Inc. as directly infringing the Asserted Patents. (Dkt. No. 30 at

9).  Taasera argues that, as to each Asserted Patent, it alleges facts to show how CrowdStrike's accused products satisfy each element of one or more claims of the Asserted Patents.  (*Id.* at 10).  The Complaint makes clear, Taasera asserts, "that once the device is working, the product performs the asserted method."  (*Id.* at 11).  In fact, according to Taasera, "The CrowdStrike products causing the product to automatically perform a step of the method is similar to the theory approved in *SiRF Tech., Inc.*, where the accused infringer designed, made, and sold GPS chips in products with software that automatically performed a step of the claimed method."  (*Id.* (citing *SiRF Tech., Inc. v. ITC*, 601 F.3d 1319, 1330 (Fed. Cir. 2010)).  Taasera further argues that it does not improperly conflate the CrowdStrike entities and alleges that they both retain Accused Products that perform all steps of the asserted method claims.  (*Id.* at 12).

CrowdStrike seeks to impose a pleading standard that this Court has previously rejected, which requires more than mere factual plausibility.  CrowdStrike essentially argues that the Complaint does not identify that either CrowdStrike defendant is alleged to have infringed the Asserted Patents and that the direct infringement allegations are tied to the accused products rather than actual performance of the claimed methods.  (Dkt. No. 26 at 9–10).  At the same time, CrowdStrike seemingly takes a contrary position, and asserts, "Rather than plausibly allege that a single CrowdStrike performs each step of the asserted method claims, Taasera's Complaint lumps both Defendants together as 'CrowdStrike' and assigns all allegations equally to both companies." (Dkt. No. 26 at 12).  CrowdStrike requests that the Court should require Taasera to identify which CrowdStrike entity performs the asserted method claims.  (*Id.* at 13).

Here, the Court has not yet had the benefit of claim construction "to determine at this juncture whether asserted method claims require multiple steps or which actors must perform those steps."  *BillJCo, LLC v. Cisco Sys., Inc.*, No. 1:21-CV-00181-JRG, 2021 WL 6618529, at *4 (E.D.

Tex. Nov. 30, 2021) (citing *Actus, LLC v. Bank of Am. Corp.*, No. 2:09-cv-102-TJW, 2010 WL 547183, at *4 (E.D. Tex. Feb. 10, 2010)). Indeed, many courts have determined that construing claims at the Rule 12(b)(6) stage is inappropriate, instead reserving such disputes for claim construction. *H-W Tech., L.C. v. Amazon.com, Inc.*, No. 3:11-CV-0651-G, 2013 WL 3146777, at *4 (N.D. Tex. June 20, 2013) (collecting cases); *see also Fujitsu Ltd. v. Belkin Intern., Inc.*, 782 F. Supp. 2d 868, 898 (N.D. Cal. 2011) ("If the Court were to construe the [ ] claims at the motion to dismiss stage, it would be starting the process of evaluating the merits of [the] case."). The Court sees no reason to depart from prior precedent and conduct claim construction without the aid of claim construction discovery or briefing.

Relying on *Packet Intelligence*, CrowdStrike argues that Taasera violates Federal Circuit precedent by tying its allegations solely to products that allegedly practice various steps of the asserted claims. (Dkt. No. 26 at 11). However, for example, Taasera clearly alleges that both CrowdStrike entities "have and continue to directly infringe at least claim 6 of the '137 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, testing, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '137 Patent." (Dkt. No. 1 ¶ 38). Taasera then pleads how use of each of the accused products infringe at least claim 6 of the '137 Patent:

> 38. Such products incorporate the Custom Application Blocking and Kernel Exploit Prevention features and include at least CrowdStrike Falcon Insight EDR (with Falcon Agent) (the "'137 Accused Product") which practice a method for implementing security for a computing device comprising the steps of: interrupting the loading of a new program for operation with the computing device; validating the new program; if the new program is validated, permitting the new program to continue loading and to execute in connection with the computing device; if the new program is not validated, monitoring the new program while it loads and executes in connection with the computing device, wherein the step of monitoring

> the new program while it executes is performed at the operating system kernel of the computing device.
>
> 39. Every '137 Accused Product practices interrupting the loading of a new program for operation with the computing device. For example, CrowdStrike Falcon Insight EDR (with Falcon Agent) performs custom application blocking.
>
> 40. Every '137 Accused Product practices permitting the new program to continue loading and executing in connection with the computing device if the new program is validated. For example, CrowdStrike Falcon Insight EDR (with Falcon Agent) permits new programs to run if the new program was not blocked by the Custom Application Blocking feature.
>
> 41. Every '137 Accused Product practices monitoring the new program while it loads and executes in connection with the computer device. For example, if the new program passes CrowdStrike Falcon Insight EDR (with Falcon Agent) Custom Application Blocking feature, it will continue to be monitored by CrowdStrike Kernel Exploit Prevention, for example, to determine if it exhibits suspicious behavior.

(Dkt. No. 1 ¶¶ 38–41). The foregoing pleadings are sufficient to properly maintain a claim for direct infringement.

In *Packet Intelligence*, the Federal Circuit overturned a jury verdict award of pre-suit damages and held that the defendant was entitled to judgment as a matter of law on that issue. 965 F.3d at 1314, 1315. *Packet Intelligence* had claims that were fully construed as well as adjudicated before a jury with fulsome evidence. Unlike the advanced stage of *Packet Intelligence*, this case is in its infancy with claims that have not yet been construed. *See Actus*, 2010 WL 547183, at *2 (similarly differentiating Federal Circuit precedent).

### C. Indirect Infringement

    1. <u>Knowledge</u>

CrowdStrike argues that Taasera does not adequately allege that it possesses the requisite knowledge to assert a claim for indirect infringement. (Dkt. No. 26 at 14). It contends that demonstrating knowledge for indirect infringement requires pre-suit knowledge, but Taasera

alleges CrowdStrike's knowledge of the Asserted Patents by at least the filing date of the Complaint. (*Id.* at 14–15). According to CrowdStrike, this Court has observed that a complaint cannot be used to establish pre-suit knowledge of either the Asserted Patents or the alleged infringement. (*Id.* at 15 (citing *Script Sec.*, 170 F. Supp. at 937).

Taasera responds that this Court has recognized that the failure to allege pre-suit knowledge is not a basis to dismiss a plaintiff's indirect infringement claims. (Dkt. No. 30 at 13 (citing *Lochner Techs., LLC v. AT Labs Inc.*, No. 2:11-CV-242-JRG, 2012 WL 2595288, at *3 (E.D. Tex. July 5, 2012)). According to Taasera, it is sufficient to allege that the defendant had knowledge of the patent by way of the complaint's filing. (*Id.* at 13–14 (collecting cases)). Taasera further contends that the parties do not dispute CrowdStrike's actual knowledge of the Asserted Patents, which is at least as early as the Complaint's filing date. (*Id.* at 14 (collecting cases)).

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). "[L]iability for inducing infringement attaches only if the defendant knew of the patent and that 'the induced acts constitute patent infringement.'" *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015) (quoting *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011)). Knowledge of the patent can be shown directly or through evidence of willful blindness on the part of the alleged infringer. *See Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 828 (E.D. Tex. 2019).

The Court agrees with Taasera. The parties do not dispute that CrowdStrike had knowledge of the Asserted Patents at the time the original complaint was filed, which is sufficient in this context. *RightQuestion, LLC v. Samsung Electronics Co., Ltd.*, No. 2:21-CV-00238-JRG, 2022 WL 507487, at *3 (E.D. Tex. Feb. 18, 2022) (citing *BillJCo, LLC v. Cisco Sys., Inc.*, No. 2:21-cv-183, 2021 WL 6618529, at *6 (E.D. Tex. Nov. 30, 2021). Further, distinguishing between pre-

and post-suit knowledge is "premature at this early stage" because it is clear that "[CrowdStrike] had knowledge of the Asserted Patents for at least some time during the infringement period." *BillJCo*, 2021 WL 6618529, at *6 (collecting cases). CrowdStrike relies only on *Script Security Solutions* from this District, arguing that a complaint "cannot be used to establish pre-suit knowledge of either the [A]sserted [P]atents or alleged infringement." (Dkt. No. 26 at 15). Contrary to CrowdStrike's interpretation of *Script*, this Court has previously rejected CrowdStrike's application of that case. *RightQuestion*, 2022 WL 507487, at *3. In *Script*, this Court concluded that the filing of a complaint was sufficient to provide a defendant with post-suit knowledge of the Asserted Patents. 170 F. Supp. 3d at 937. Such a ruling does not conflict with this Court's refusal to distinguish pre- and post-suit knowledge for the reasons state herein. Taasera adequately pleads the requisite level of knowledge to place CrowdStrike on notice of the Asserted Patents.

    2. <u>Specific Intent</u>

CrowdStrike contends that Taasera's allegations are merely a threadbare recitation of specific intent to induce infringement. (Dkt. No. 26 at 16). It asserts that CrowdStrike's pleading of, for instance, "instruction and installation manuals" and "customer service through phone support" do not contain any supporting factual allegations. (*Id.*). According to CrowdStrike, Taasera's allegations for induced infringement are conclusory and mere citations to CrowdStrike's websites, without more, do not satisfy the *Twombly* and *Iqbal* standards. (*Id.* (citing *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427 (E.D. Tex. Aug. 14, 2015)).

Taasera responds that "[p]roviding instructions to use a product in an infringing manner is evidence of the required mental state for inducing infringement." (Dkt. No. 30 at 17 (quoting

*Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 905 (Fed. Cir. 2014)).  Taasera asserts that its Amended Complaint is adequate since, for example, it alleges that CrowdStrike knowingly and intentionally induces others to indirectly infringe the '137 Patent Accused Products, including products which incorporate the Custom Application Blocking and Kernel Exploit Prevention features.  (*Id.* at 18).  Taasera also contends that CrowdStrike's website, which is cited in the Amended Complaint, provides links to CrowdStrike's customers to download and use the accused products.  (*Id.*).  For example, the Amended Complaint, Taasera argues, "explains how the use and installation of the CrowdStrike Falcon agent by CrowdStrike's customers (as encouraged by the 'CrowdStrike Falcon Platform' and instruction manuals and documents) infringes at least Claim 6 of the '137 Patent."  (*Id.*).

CrowdStrike replies that Taasera's Complaint is entirely devoid of an allegation that either CrowdStrike entity took an affirmative step to induce others after it had knowledge of the Asserted Patents.  (Dkt. No. 33 at 7).  It argues that inducement requires an affirmative act to encourage infringement.  (*Id.* (citing *GlaxoSmithKline LLC v. Teva Pharm. U.S., Inc.*, 976 F.3d 1347, 1369 (Fed. Cir. 2020)).

Taasera disputes CrowdStrike's application of *GlaxoSmithKline* and contends that CrowdStrike merely cites the dissenting opinion in arguing that "passive maintenance of the pre-issuance press releases is not an affirmative act of inducement."  (Dkt. No. 34 at 5 (citing *GlaxoSmithKline*, 976 F.3d at 1369)).  It also argues that CrowdStrike's "continuing maintenance of the webpages, instructions, and downloadable user guides could constitute such a step" as well as "technical support and installation assistance to customers" constitute affirmative steps for induced infringement.

The intent necessary for a claim of "[i]nducement can be found where there is [e]vidence of active steps taken to encourage direct infringement." *Barry v. Medtronic, Inc.*, 914 F.3d 1310, 1334 (Fed. Cir. 2019) (quoting *Vanda Pharm. Inc. v. W.-Ward Pharm. Int'l Ltd.*, 887 F.3d 1117, 1129 (Fed. Cir. 2018)). "'[A]ctive steps' can include 'advertising an infringing use,' 'instructing how to engage in an infringing use,' and assisting in performing an infringing use." *Motiva Patents*, 408 F. Supp. 3d at 828 (quoting *Barry*, 914 F.3d at 1334 (identifying the defendants' employees, who provided technical support for customers performing the infringing acts, as evidence supporting induced infringement)).

The Court finds that Taasera adequately states a claim for induced infringement. The Amended Complaint provides that CrowdStrike "with knowledge of these products, or the use thereof," (e.g., products incorporating the Custom Application Blocking and Kernel Exploit Prevention features) "infringe the '137 Patent . . ., knowingly and intentionally induced . . ., direct infringement of the '137 Patent by providing these products to end-users for use in an infringing manner." (Dkt. No. 1 ¶¶ 42, 43). Taasera claims that CrowdStrike induces such infringement by (1) "providing these products to end-users for use in an infringing manner," (2) "providing instruction and installation manuals on their support portal"; and (3) "providing customer service through phone support and/or dedicated support staff that instruct end-users to use the products in an infringing manner." (*Id.* ¶ 43). Taasera further alleges that CrowdStrike advertises its security services on its website while providing access to those products, along with directions for installation and accompanying technical support. (*Id.* ¶ 44). Taasera's Complaint also contains links that provide instruction on how to use the accused products. (*Id.* ¶¶ 43 n.10, 44 n.11). Drawing all reasonable inferences in favor of Taasera, it has plausibly alleged that CrowdStrike knowingly induced infringement. *RightQuestion*, 2022 WL 507487, at *3 (finding that the

plaintiff sufficiently stated a claim for induced infringement "[b]y pointing to literature 'advertising an infringing use' and 'instructing how to engage in an infringing use' and including corresponding claim recitations which indicate how such use of the Accused Products allegedly infringes the Asserted Patents").[1]

The parties dispute the applicability of *Core Wireless*, 2015 WL 4910427, at *4. (Dkt. No. 26 at 16–17; Dkt. No. 30 at 17). CrowdStrike misapplies *Core Wireless* because the court in that case dismissed the complaint for "'failing to allege *any* facts . . . even at a basic level,' that were specific to the defendant." *Motiva Patents*, 408 F. Supp. 3d at 832 (distinguishing *Core Wireless*, 2015 WL 4910427, at *4). In *Core Wireless*, the plaintiff failed to identify "which functionalities of the accused products [were] at issue, or how the instructions direct[ed] customers to use those products in an infringing manner." *Core Wireless*, 2015 WL 4910427, at *4. Rather, for example, Taasera cites to instructive materials on CrowdStrike's website that teach how to utilize the '137 Accused Products. (Dkt. No. 1 ¶¶ 43 n.10, 44 n.11). CrowdStrike would have this Court impose a higher pleading standard than what is required by the Supreme Court. *Twombly*, 550 U.S. at 556 (requiring enough facts at the Rule 12(b)(6) stage to establish "a reasonable expectation that discovery will reveal evidence" supporting a claim for relief). Based on the foregoing, the Court finds that Taasera satisfies the requisite pleading standard for induced infringement.

---

[1] This Court has noted that an affirmative step is required for inducement, and Taasera has satisfied the requisite pleading standard. *Barry*, 914 F.3d at 1334. CrowdStrike cites only the dissent from *GlaxoSmithKline*, which is not binding precedent on this Court. (*See* Dkt. No. 33 at 7). In fact, in overturning the district court's grant of judgment as a matter of law, the majority concluded, "There was ample record evidence of promotional materials, press releases, product catalogs, the FDA labels, and testimony of witnesses from both sides, to support the jury verdict of inducement to infringe the designated claims for the period of the '000 reissue patent." *GlaxoSmithKline*, 976 F.3d at 1355.

### D. Injunctive Relief

CrowdStrike argues that no factual allegations are asserted by Taasera, entitling it to permanent injunctive relief. (Dkt. No. 26 at 18). In response, Taasera contends a dismissal of its claim for injunctive relief at this stage would be completely speculative given that courts are reticent to dismiss claims for injunctive relief when the underlying direct infringement claim remains. (Dkt. No. 30 at 19).

The Court finds that Taasera's claim for injunctive relief should not be dismissed at this stage because its claim for direct infringement (i.e., "the underlying claim upon which that relief is being sought") remains in this case. *Tanglewood E. Homeowners v. Charles-Thomas, Inc.*, 849 F.2d 1568, 1576 (5th Cir. 1988); *KIPB LLC v. Samsung Elecs. Co., Ltd.*, No. 2:19-cv-00056-JRG-RSP, 2020 WL 1500062, at *6 (E.D. Tex. Mar. 9, 2020), *report and recommendation adopted*, 2020 WL 1495725 (E.D. Tex. Mar. 27, 2020). Injunctive relief is a "speculative," post-trial decision for the Court to decide, which is premature at this juncture. While CrowdStrike argues that Taasera is not entitled to injunctive relief as a non-practicing entity (Dkt. No. 26 at 18), courts in this District have awarded injunctive relief to such parties. *See, e.g.*, *Commonwealth Sci. & Indus. Rsch. Org. v. Buffalo Tech. Inc.*, 492 F. Supp. 2d 600, 604 (E.D. Tex. 2007).

### IV. CONCLUSION

For the reasons set forth herein, the Motion (Case No. 2:22-md-3042, Dkt. No. 89; Case No. 2:22-cv-468, Dkt. No. 26) should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 29th day of March, 2023.**

                                             RODNEY GILSTRAP
                                             UNITED STATES DISTRICT JUDGE